UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF JAMES L. ARNOLD, et al., | ) | CASE NO.: 5:06CV1472 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| PROTECTIVE LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Motion by Plaintiffs, Estate of James L. Arnold and Dorothy Arnold, Administratrix of the Estate of Deceased, James L. Arnold, for Leave to File an Amended Complaint. (Doc. #23) Defendant Protective Life Insurance Company filed an Opposition to the Motion. (Doc. #25) Having reviewed the Motion, Opposition, proposed amended complaint and applicable law, this Court hereby finds Plaintiffs' Motion not well-taken and DENIES same.

## DISCUSSION

The above action was originally filed in the Summit County Court of Common Pleas on May 9, 2006. (see Summit County Case No. 2006-05-2962) The case was removed to this Court on June 16, 2006. A Case Management Conference was held on September 26, 2006. During the Conference, Plaintiffs stated that the parties needed to perform written discovery and take depositions. Based on the discussions at the Conference and the Report of Parties Planning Meeting, the Court set the following

deadlines: (1) amendment of the pleadings to be filed no later than October 26, 2006;[1] (2) discovery cut-off March 1, 2007; (3) Plaintiffs to identify experts and provided report, as required by Rule, no later than January 8, 2007, Defendant to do same no later than February 12, 2007; and (4) dispositive motions to be filed no later than March 16, 2007. A Status Conference was scheduled to be held on March 9, 2007.

On February 6, 2007, over three months past the date to amend the pleadings and less than one month prior to the discovery cut-off, Plaintiffs filed their Motion for Leave to Amend the Complaint. Plaintiffs base their Motion on what they allege is newly discovered evidence. In the Motion, Plaintiffs state, "while preparing responses to Defendant's initial set of discovery request, Plaintiffs discovered evidence which indicates that the premium payments were timely paid and that the life insurance policy in question wrongfully lapsed. This evidence includes cancelled checks as well as payment notices issued by Defendant." Plaintiffs' Motion for Leave to File Amended Complaint, p. 1.

In rebuttal, Defendant points out that the proposed amended complaint seeks to add 13 paragraphs that contain entirely new allegations. Additionally, the evidence that Plaintiffs alleged to have discovered is actually evidence that "was exclusively in Plaintiffs' possession from the outset of this matter." Defendant's Brief in Opposition, p. 2. Defendant alleges that the proposed amendments will "drastically alter the scope and nature of this case, and will create significant prejudice to Defendant" and require it "to pursue additional discovery and prepare a new defense strategy." *Id*. Defendant also

---

[1] The Court's date for amending the pleadings, Oct. 26, 2006, was only 6 days earlier than the date proposed by the parties, which was Nov. 1, 2006. (Report of Parties Planning Meeting, Doc. #6).

2

asserts that in an action before the Ohio Department of Insurance,[2] which occurred prior to this case, Plaintiffs' counsel conceded that the premium payments were received beyond the grace period. *Id.*

Federal Rule of Civil Procedure 15 provides that a party may amend their pleading only by leave of court after a responsive pleading is served. Under this rule, leave should be freely given when justice requires. However, the district court has discretion in whether to grant leave. *Foman v. Davis,* 371 U.S. 178, 182 (1962)

In this action, Plaintiff offers no reason for failing to discover the evidence prior to the filing of the suit or at the very least, prior to the deadline for amending the pleadings in this case. "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Id.* Additionally, Rule 16(b) requires that the schedule set forth in the case management plan should not be modified except upon a showing of good cause.

Although Plaintiffs allege that this "new" evidence demonstrates that the deceased made timely payments under the policy, they have failed to provide evidence of such an assertion, *ie*. copies of cancelled checks, etc. Based on representations made by counsel at the Status Conference, it appears that the payments were admittedly not made by the date required under the policy. Plaintiffs assert that the payments should be considered timely because, although they were not made timely under the policy and were made

---

[2] The complaint before the Ohio Department of Insurance concluded more than 2 years prior to the filing of this action.

3

outside of the reinstatement period, Defendant had previously accepted payments outside of the reinstatement period.

Although this evidence would clearly be favorable to the Plaintiffs if it could be demonstrated that the deceased made timely payments under the policy, the Court cannot overlook the fact that this evidence has been exclusively in Plaintiffs' possession for quite some time. These are not documents that Plaintiffs just uncovered during discovery that Defendant had sole possession of.

The Court finds that the Defendant would be prejudiced if Plaintiffs were permitted to amend their complaint long after the deadline to do so had expired. Unless this Court changed all the dates set forth in the Case Management Plan, Defendant would neither have the ability to perform discovery on this issue nor explore and prepare for a new theory of the case. Additionally, the deadline to identify experts and provide reports has now past and dispositive motions are now due.

The Court also notes that this case has been pending for 11 months on a standard track, which indicates that such cases should be completed within 15 months. Allowing Plaintiffs to amend the Complaint would result in undue delay in disposing of this action.

Plaintiff has failed to establish good cause to change the dates set forth in the Case Management Plan. As previously stated, Plaintiff was in sole possession of this evidence. Also, it seems abundantly clear that in an insurance action where the insurer's non-payment of the benefit is based on the insured's failure to make timely payments, the first issue that should be looked at is whether the insured was actually late in making his payments.

## CONCLUSION

Based on the above, the Court finds that Plaintiffs failed to amend their Complaint within the time allotted in the Case Management Plan.  Plaintiff has failed to show good cause as to why this Court should deviate from the scheduled dates and allow Plaintiff to file an amended complaint at this late stage in the litigation.  Additionally, if this Court were to allow the amended complaint to be filed, such would cause undue prejudice to the Defendant and undue delay in this action.  Therefore, Plaintiffs' Motion for Leave to Amend the Complaint is DENIED.

So ordered.

　　　　　　　　　　　　　　　　　　　　____*s/ Judge John R. Adams*_____
　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT