# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ESTATE OF JAMES L. ARNOLD, et al., ) | CASE NO.:  5:06CV1472 |
| ) | |
| Plaintiffs, ) | JUDGE JOHN ADAMS |
| ) | |
| v. ) | **ORDER AND DECISION** |
| ) | |
| PROTECTIVE LIFE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Motion by Plaintiffs for an Order of Dismissal without Prejudice under Fed. R. Civ. P. 41(a)(2).  Defendant opposes the Motion.  The Court has been advised, having reviewed the Motion, Opposition, pleadings, docket and applicable law.  For reasons stated below, it is determined that Plaintiffs' Motion is DENIED.

## DISCUSSION

Rule 41(a)(2) provides in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . ."  The district court has discretion when ruling on a Rule 41(a)(2) motion.  *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).  The primary reason for requiring court approval is "to protect the nonmovant from unfair treatment."  *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).  The district court should deny the motion only if the defendant would suffer "plain legal prejudice" rather than just the prospect of facing a subsequent legal action.  *Id.*  When determining plain legal prejudice, the district court should consider the

following factors: (1) "defendant's effort and expense of preparation for trial;" (2) "excessive delay and lack of diligence on the part of plaintiff in prosecuting the action;" (3) "insufficient explanation for the need to take a dismissal;" and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.*

In review of this Motion, the Court finds it essential to detail the timeline of the proceedings. This action was originally filed in state court on May 9, 2006. Defendant timely removed the case to this Court. A case management conference was held in September setting the following dates: (1) pleadings to be amended no later than October 26, 2006; (2) all discovery to be completed by March 1, 2007; (3) Plaintiff to identify expert and provide a report by January 8, 2007 and Defendant to do same by February 12, 2007; (4) dispositive motions to be filed by March 16, 2007; and (5) a status conference was set for March 5, 2007 which was later continued to March 9, 2007.

On February 6, 2007, Plaintiffs filed a motion to amend the complaint. At the March 9th status conference, Plaintiffs' counsel informed the Court that they may be seeking to amend the complaint to add a claim that the premium payments were timely made. Counsel did admit that those payments were not received under the time frame stated in the policy nor were they made within the time frame stated for the reinstatement period. Counsel's main argument for the timeliness of the payments is under a pattern and practice theory as Defendant had accepted other payments outside of the reinstatement period and thus should have accepted later untimely payments. As discussed in the Court's March 15, 2007, Order, the motion was filed over three months after the deadline to amend the pleadings, just days before Defendant's deadline for identifying an expert and submitting a report, less than one month prior to the end of

discovery, and exactly one month prior to the date that dispositive motions were due. The Court held that Plaintiffs had failed to show good cause for their delay in discovering and pursuing the new claim.

On March 12, 2007, Plaintiffs filed the Motion at issue requesting that this Court allow it to dismiss the action without prejudice, allowing the action to be re-filed to assert the claim this Court previously disallowed on the motion to amend the complaint. Plaintiffs do not disguise the fact that the Motion was filed as a result of this Court's denial of the motion to amend. *See* Plaintiffs' Motion for an Order of Dismissal Without Prejudice, p. 3 (stating, "Rather than prejudicing Defendant, dismissal of this case will allow the matter to be resolved on the merits in subsequent litigation."); *see also* Plaintiffs' Reply Brief in Support of its Motion for an Order of Dismissal Without Prejudice, p.3 (stating, "If Defendant is afforded an opportunity to change its defense midstream, then Plaintiffs should be afforded the same opportunity. If not by way of an amended complaint, then by way of new litigation.").

When considering whether the Defendant will suffer plain legal prejudice, the Court notes that although a trial date has not been scheduled as of yet, Defendant alleges, and the Court finds credible, that it has expended a significant amount of money preparing to defend the claim, including reviewing files and policies based on Plaintiffs' claim that it wrongfully denied the decedent's attempt to reinstate the policy, formal discovery including both written requests and depositions, expert fees and expenses, and counsel's time and expenses preparing a dispositive motion. Plaintiffs contend that this work can be used in the subsequent action when it is filed. However, Defendant will

incur significantly more legal expenses as it will be forced to address a new claim in addition to the original claim that was filed.

Secondly, although Plaintiffs have not demonstrated excessive delay and lack of diligence in prosecuting the action as it currently pled, Plaintiffs have certainly demonstrated an excessive delay and a lack of diligence in not only pursuing the newly alleged claim but determining whether this claim could have been raised in the action from the beginning, a matter clearly within Plaintiffs' exclusive control.

Thirdly, it is noted that Plaintiffs have stated that its reason for requesting to have this action dismissed without prejudice is to ensure adjudication on the merits.  However, it is obvious that Plaintiffs are attempting to circumvent this Court's prior ruling that it has failed to show good cause to amend the complaint.  Furthermore, Plaintiffs have demonstrated its intent that if the Court allows the action to be dismissed, it will re-file the complaint adding the claim disallowed by the Court's earlier ruling.

Finally, Plaintiffs point out that at the time it filed the motion to dismiss no summary judgment motion had been filed.  However, this motion was filed only 4 days prior to the deadline to file dispositive motions.  Additionally, Plaintiffs were aware, based on the discussion at the status conference, that Defendant had prepared and was anticipating filing its motion for summary judgment.  Therefore, although technically no dispositive motion had been filed, it seems the purpose underlying this factor is consideration for whether Defendant had spent time and money in an effort to prepare a dispositive motion, which it had.

5

## CONCLUSION

Based on consideration of the above factors, timing of the motion, discussions with counsel, and the fact that this action has been pending for over 8 months, the Court finds that Defendant would suffer plain legal prejudice if the Court were to grant Plaintiffs' Motion to Dismiss. Therefore, Plaintiffs' motion is DENIED.

So ordered.

_____*s/ Judge John R. Adams*_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT