UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOROTHY ARNOLD, individually and as *Administratrix of the Estate of Deceased James L. Arnold*, | CASE NO.:  5:06CV1472 |
| Plaintiffs, | JUDGE JOHN ADAMS |
| v. | **ORDER AND DECISION** (Resolving Docs. #37 & 38) |
| PROTECTIVE LIFE INS. CO., | |
| Defendant. | |

This matter comes before the Court on cross motions for summary judgment.  Defendant Protective Life Insurance Company ("Defendant") alleges in its motion (Doc. #37) that because its denial of the reinstatement application was in accordance with the terms of the policy and its underwriting guidelines, the claims made in the complaint by Plaintiff Dorothy Arnold, Administratrix of the Estate of Deceased James L. Arnold ("Plaintiff") fail as a matter of law and summary judgment should be entered in Defendant's favor.  Plaintiff claims that she is entitled to summary judgment because: (1) the express inclusion of factors listed in the Declarations of Insurability section in the Reinstatement Application implies exclusion of other factors for consideration of insurability thus Defendant breached the terms of the insurance policy when it considered factors for insurability that were not listed in the Declarations of Insurability; (2) the term "insurability" is ambiguous because it is susceptible to more than one meaning and must be construed in favor of the Plaintiff, thus Defendant breached its duty under the policy when it considered factors for insurability that were not listed in the Declarations of Insurability; and (3) Defendant violated its duty of good faith under the policy when it failed to adhere to the express terms of the policy by accepting payments beyond the Prompt Reinstatement Period.  Each party

1

has timely filed a response in opposition and reply memorandum. The Court has been advised, having reviewed the motions, oppositions and replies, pleadings, exhibits, and applicable law. For reasons stated below, it is hereby determined that Defendant's motion for summary judgment is DENIED and Plaintiff's motion for summary judgment is GRANTED IN PART.

## FACTS

This action originates from a term life insurance policy issued by Defendant to the deceased James L. Arnold on October 25, 1999 with a death benefit of $210,000. The monthly premiums for the policy were $451.96 and the sole beneficiary under the policy was Plaintiff. The premium payments were due on the 25th of each month with a 31-day grace period. Policy, pp. 3 & 6. The Policy also contained a provision regarding reinstatement if a premium payment was not paid by the end of the grace period. Policy, p. 6. The prompt reinstatement period began after the 31-day grace period. *Id.* Although the policy terminated, the insured was able to reinstate the policy without having to provide evidence of insurability within 31 days after the end of the grace period. *Id.* The later reinstatement period began after the prompt reinstatement period ended allowing the insured to reinstate the policy only after providing satisfactory evidence of insurability. *Id.*

Plaintiff provides, and Defendant does not dispute, Mr. Arnold's payment history. In December of 2001 an amount of $903.92 was automatically withdrawn from the Arnold's bank account and credited to Defendant, an amount equal to two months of premium payments. Plaintiff apparently also sent a check to Defendant for the monthly premium of $451.96, thus totaling $1,355.88 in payments made to Defendant from the Arnolds in the month of December, three times the amount due under the policy. Plaintiff placed a stop payment order on the check sent for the December premium payment. Without authority from Plaintiff, the bank continued

to cancel payments made to Defendant by check in the following months of February, March, and April.  Upon discovering this matter, the Arnolds sent three additional payments to Defendant, one on April 23, 2002 – negotiated on May 6, 2002, one on April 29, 2002 – negotiated at some time after this date,[1] and one on June 3, 2002 – negotiated on June 7, 2002.  The next premium was sent to Defendant on June 27, 2002, but was not negotiated and returned to the Arnolds.  The enclosed letter stated that the policy had already lapsed for non-payment of premiums and that it could not accept payment until the policy had been reinstated.  Plaintiff's Motion for Summary Judgment, exhibit 3.  Included with the letter was an Application for Reinstatement.

      Mr. Arnold filled out the Application for Reinstatement and supplemented it with his updated medical information and his recently filed Chapter 13 voluntary petition in bankruptcy.  Mr. Arnold's reinstatement application was denied.  In a letter requested by Mr. Arnold, Defendant set forth its reasons for the denial which included the pending bankruptcy and previous payment history.

      On July 21, 2003, Mr. Arnold filed a complaint with the Ohio Department of Insurance ("ODI") alleging that Defendant improperly denied his application for reinstatement.  On February 13, 2004, ODI made a finding, based on the evidence before it, that it could not require Defendant to change its position.  On November 4, 2005, Mr. Arnold died from lung carcinoma and metastases.  Plaintiff filed this action in the Summit County Court of Common Pleas on May 9, 2006.  On June 15, 2006, this action was removed by Defendant based on diversity jurisdiction.

---

[1] The exact negotiation date is unknown to Plaintiff due to this payment being a Money Order rather than a personal check.

**STANDARD OF REVIEW**

Summary Judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).  The moving party must demonstrate to the cour the absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 323.  This is so that summary judgment can be used to dispose of claims and defenses, which are factually unsupported.  *Id.* at 324.  The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried.  *Id.*  The court's inquiry at the summary judgment stage is to determine "whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson,* 477 U.S. at 250.   However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson,* 477 U.S. 242, 247-48 (1986) (emphasis in original).  "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'"  *McMillian v. Potter,* 130 Fed.Appx. 793, 796 (6th Cir. May 11, 2005) (quoting *Anderson,* 477 U.S. at 248).

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e).  *See Celotex,* 477 U.S. at 324.  The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves . . . ."  *Id.*  Rule

56(c) states, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." However, "only admissible evidence may be considered when ruling on a motion for summary judgment. *Wiley v. United States,* 20 F.3d 222, 225 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)). A scintilla of evidence in favor of the nonmoving party is not sufficient. *Anderson,* 477 U.S. at 252.

As a general matter, a district court considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248. The court cannot consider non-material facts, nor can it weigh material evidence to determine credibility or the truth of the matter. *See id.* at 249. The court's sole function is to determine whether there is a genuine fact for trial. *Id.* This does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for [that] party." *Id.* In sum, a proper summary judgment analysis asks whether a trial is necessary. It is additionally noted that a district court may properly grant summary judgment on grounds not raised in the motions, provided no genuine issue of material fact remains. *Hines v. Joy Mfg. Co.,* 850 F.2d 1146, 1150 (6th Cir. 1988).

A federal court sitting in diversity must apply the substantive law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 326 (6th Cir.2000). In this case, Ohio law governs. The Supreme Court of Ohio stated that "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., 64 Ohio St.3d 657, 597 N.E.2d 1096, 1102 (1992), cert. denied, 507 U.S. 987, 113 S.Ct. 1585, 123

5

L.Ed.2d 152 (1993). The Ohio high court further instructed that "words and phrases used in an insurance policy must be given their natural and commonly accepted meaning ⋯ to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." Gomolka v. State Auto. Mut. Ins. Co., 70 Ohio St.2d 166, 436 N.E.2d 1347, 1348 (1982).

## DISCUSSION

Both parties have moved for summary judgment on the issue of whether Defendant properly denied Mr. Arnold's reinstatement application.  However, the Court finds that it would be inappropriate to discuss the merits of Defendant's ruling on the reinstatement application when Defendant does not dispute that it accepted three of the four final premium payments after their due date and provided no notice to Mr. Arnold that it would not accept the final submitted late premium, would terminate the policy, and would require him to file a reinstatement application and have that application accepted pursuant to its guidelines.[2]

In *Schwer v. Benefit Ass'n of RY. Employees, Inc.*, 153 Ohio St. 312, 321-22 (1950), the Ohio Supreme Court recited the common law doctrines of waiver and estoppel as applicable for acceptance of past due life insurance premiums.  The Ohio Supreme Court stated:

> Although a life policy and the renewal receipts may contain a stipulation or notice that agents of the company shall not have authority to waive forfeitures where premiums have not been paid on or before the day designated for their payment, yet the course of business between the agent, and the assured, and the company, in giving effect to payments made when overdue, where no notice had been given the assured that the future such overdue payments would not be received.

---

[2] Although Plaintiff does not raise waiver or estoppel in her breach of contract claim in the Complaint, she is not boxed in to the theories alleged in the Complaint as long as Defendant was on notice of the possible claim. *Wysong v. Dow Chemical Company,*--- F.3d ---, 2007 WL 2819880, at *4 (6th Cir. Oct. 1, 2007) (stating, "notice pleading does not box plaintiffs into one theory or the other at the complaint stage . . . .")  Although this Court disallowed Plaintiff to amend her complaint to include a claim that payments were timely made, Defendant was certainly aware that Plaintiff had made several tardy payments and that it cancelled the policy based on those late payments. Defendant submitted interrogatories to Plaintiff which included an admission that Mr. Arnold had made late payments for the premiums on the policy.

*Id.*; *see also Union Central Life Ins. Co. v. Pottker,* 33 Ohio St. 459 (1878), *National Life Ins. Co. of U.S. v. Tullidge,* 39 Ohio St. 240 (1883).  The case at hand is similar to those that the Ohio Supreme Court applied these doctrines; the insurance company established a course of conduct of accepting late premiums and it failed to notify the insured that it would no longer accept late premiums and would enforce the termination provision of the policy.  Although Defendant did notify Mr. Arnold that it would not accept his final late premium payment, it did so only after it terminated the policy.  Therefore, Mr. Arnold did not receive notice that Defendant would no longer accept late payments.  Based on this, this Court follows Ohio law and finds that because Defendant continued in a course of conduct to accept late payments and failed to notify Mr. Arnold that it would no longer accept late premium payments, Defendant waived its right to terminate the insurance contract based on the provisions contained in the Premium Payments section of the policy and is estopped from non-acceptance of the final late premium.  As such, the Court finds no issue of genuine fact regarding liability and that Plaintiff is entitled to judgment as a matter of law on the issue of liability only.

This Court's ruling should not be taken as a determination that Plaintiff is entitled to the entire proceeds of the death benefit under the policy as demanded in her motion.  The Court reserves for later decision the measure of damage to which Plaintiff may be entitled for Defendant's breach.  Therefore, this Court DENIES Defendant's Motion for Summary Judgment and GRANTS IN PART Plaintiff's Motion for Summary Judgment for reasons other than those stated in the briefs on the issue of liability only.

So ordered.

                                                *s/ Judge John R. Adams*
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT COURT